

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

RENEE DAVIS MULDROW, §
    Plaintiff, §
vs. § CIVIL ACTION NO. 5:17-1394-MGL
 §
NANCY A. BERRYHILL, §
Acting Commissioner of Social Security, §
    Defendant. §

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT BERRYHILL'S DECISION DENYING BENEFITS**

This is a Social Security appeal in which Plaintiff Renee Davis Muldrow seeks judicial review of the final decision of Defendant Nancy A. Berryhill denying her claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Berryhill's final decision denying Muldrow's claim be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 13, 2018, Muldrow filed her objections on July 11, 2018, and Berryhill filed her reply on July 18, 2018. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

On July 8, 2014, Muldrow filed her applications for DIB. She contends her disability commenced on December 20, 2013. Berryhill denied Muldrow's application initially and upon reconsideration. Muldrow then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on April 12, 2016.

On May 11, 2016, the ALJ issued a decision holding Muldrow did not have a disability under the Social Security Act (the Act). The Appeals Council denied her request to review the ALJ's decision. Muldrow then filed this action for judicial review with the Court on May 26, 2017.

Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 20 C.F.R. §§ 404.1505(a), 416.905(a). The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections

that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

Although ALJ must sufficiently explain the reasons for the ruling to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] [s]he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986). "The fact that the record as a whole might support an inconsistent conclusion is immaterial[.]" *Blalock v. Richardson Eyeglasses*, 483 F.2d 773, 775 (4th Cir. 1972) (footnotes omitted).

Muldrow lodges just two objections. First, Muldrow objects to the Magistrate Judge's proposal concerning her obesity. Objections 1. This claim lacks merit.

SSR02-1P "provide[s] guidance on [the Social Security Administration's (SSA)] policy concerning the evaluation of obesity in disability claims filed under . . . the . . . Act." *Id.* "When deciding whether an individual has obesity, [the SSA] will . . . consider the individual's weight over time." *Id*. ¶ 4. "[The SSA] will consider the individual to have obesity as long as his or her weight or [Body Mass Index] shows essentially a consistent pattern of obesity." *Id*. "However, [the SSA] will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. [The SSA] will evaluate each case based on the information in the case record." *Id*. ¶ 7. "When [the SSA] identif[ies] obesity as a medically determinable impairment . . . , [it] will consider any functional limitations resulting from the obesity

4

in the [Residual Functional Capacity] assessment, in addition to any limitations resulting from any other physical or mental impairments that [it] identif[ies]." *Id*. ¶ 2. But, "[t]he fact that obesity is a risk factor for other impairments does not mean that individuals with obesity necessarily have an [ ] . . . impairment." *Id*. ¶ 2.

Muldrow is correct. She is obese. The record makes that perfectly clear. But, she neglected to raise the issue before the ALJ; and the ALJ failed to discuss it. Nevertheless, there is nothing in the record to support her claim she was impaired as a result of it.

The Court agrees with the manner in which the Seventh Circuit handled a similar set of facts. In that case, the Seventh Circuit opined

> the ALJ did not address the claimant's obesity but did adopt the limitations suggested by the specialists and reviewing doctors who were aware of the condition. That, combined with the claimant's failure to specify how his obesity further impaired his ability to work, made the error harmless: although the ALJ did not explicitly consider [the claimant's] obesity, it was factored indirectly into the ALJ's decision as part of the doctors' opinions.

*Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006) (citations omitted) (internal quotation marks omitted).

Here, as the ALJ noted, "[t]he record fails to reveal that [Muldrow's] treating or examining physicians provided any specific work[-]related limitations." A.R. 28. They suggested no limitations although they were, no doubt, aware of Muldrow's obesity. "That, combined with [Muldrow's] failure to specify how [her] obesity further impaired [her] ability to work, made the error harmless[.]" *Prochaska*, 454 F.3d at 737. Thus, the Court will overrule this objection.

5

Second, Muldrow "objects to the Magistrate Judge's proposal that the ALJ properly considered all . . . .Muldrow's limitations in the hypothetical posed to the vocational expert." Objections 4. The Court is unable to agree.

The Magistrate Judge went into great detail discussing this issue. The Court need not repeat the analysis here. Suffice it to say the Court has made a de novo review of the record as to this objection and, after having done so, agrees wholeheartedly with the Magistrate Judge's comprehensive and well-reasoned recommendation. Accordingly, the Court will overrule this objection, too.

In sum, there is substantial evidence to support the ALJ's conclusion Muldrow was not disabled under the Act during the relevant time period; and the ALJ's decision is free from reversible legal error. The ALJ's determination is also reasonable. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (stating the Court's sole inquiry is whether the record, when read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ). Consequently, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Muldrow's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Berryhill's final decision denying Muldrow's DIB claim is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 6th day of August, 2018, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS